PEOPLE v WALKER

Docket No. 96200. Submitted December 16, 1987, at Detroit. Decided February 2, 1988. Leave to appeal applied for.

A charge of possession of a short-barreled shotgun against James Walker was dismissed following a preliminary examination in 36th District Court. The examining magistrate ruled that defendant's 12-gauge sawed off shotgun, with a 14½ inch barrel and a thirty-one inch overall length, was not a sawed off shotgun within the meaning of the statute. The Detroit Recorder's Court, Samuel C. Gardner, J., affirmed on appeal. The Court of Appeals granted the people's application for a delayed appeal.

The Court of Appeals *held:*

A shotgun having one or more barrels less than eighteen inches in length or a weapon made from a shotgun, whether by alteration, modification or otherwise, with an overall length of less than twenty-six inches is a short-barreled shotgun for purposes of the statute proscribing the manufacture, sale or possession of a short-barreled shotgun or rifle. In this case, the examining magistrate erred in ruling that the shotgun in question needed to meet both the barrel length requirement and the overall length requirement when satisfaction of one requirement was sufficient.

Reversed and remanded.

CRIMINAL LAW — WEAPONS — SHOTGUNS — SHORT-BARRELED SHOT-GUN.

A shotgun having one or more barrels less than eighteen inches in length or a weapon made from a shotgun, whether by alteration, modification or otherwise, with an overall length of less than twenty-six inches is a short-barreled shotgun for purposes of the statute proscribing the manufacture, sale or

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 5, 6, 33.

When has applicant for license under Gun Control Act of 1968 "willfully" violated statute or regulations within meaning of 18 USCS sec. 923(d)(1)(C). 59 ALR Fed 254.

Validity and construction of gun control laws. 28 ALR3d 845.

possession of a short-barreled shotgun or rifle (MCL 750.222[e], 750.224b; MSA 28.419[e], 28.421[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for defendant.

Before: D. F. WALSH, P.J., and G. R. MCDONALD and P. NICOLICH,* JJ.

PER CURIAM. Defendant was charged with possession of a short-barreled shotgun. MCL 750.224b; MSA 28.421(2). At the preliminary examination the gun was described as being a 12-gauge sawed-off shotgun with a 14½ inch barrel and an overall length of thirty-one inches. The district magistrate dismissed the charges, finding that the weapon did not constitute a short-barreled shotgun within the meaning of the statute. The dismissal was later affirmed by the Recorder's Court. The people now appeal to this Court the dismissal of the charges against defendant.

On appeal the people claim that the court misinterpreted the definition of a short-barreled shotgun as contained in the statute and, therefore, erred in failing to bind defendant over as charged. We agree.

MCL 750.222(e); MSA 28.419(e) defines a short-barreled shotgun as follows: "Short-barreled shotgun means a shotgun having 1 or more barrels less than 18 inches in length or a weapon made from a shotgun, whether by alteration, modifica-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion or otherwise, if the weapon as modified has an overall length of less than 26 inches."

The people contend that the above language evidences the Legislature's intent to declare a weapon a short-barreled shotgun if the shotgun has a barrel less than eighteen inches *or* a total length less than twenty-six inches. Defendant argues and the lower court found that to constitute a short-barreled shotgun the weapon must have both a barrel less than eighteen inches *and* an overall length less than twenty-six inches.

Although this issue has not been addressed by our courts, we find no ambiguity in the language of the statute. Where statutory language is clear and unambiguous, judicial interpretation that varies the plain meaning of the statute is precluded. *Moody v Westin Renaissance Co,* 162 Mich App 743; 413 NW2d 96 (1987). In the instant case the use of the word "or" following the proscription of a shotgun with a barrel less than eighteen inches clearly indicates an intent to encompass either a weapon with a barrel under eighteen inches or a modified shotgun with an overall length of less than twenty-six inches.

Therefore the trial court erred in finding that the weapon had to meet both the barrel and overall length requirements of the statute to fall within its purview.

Reversed and remanded.