PEOPLE v CUNNINGHAM

Docket No. 147927. Submitted September 8, 1993, at Grand Rapids. Decided October 4, 1993, at 10:00 A.M.

Curtis J. Cunningham and Timothy L. Sequin were charged in the Bay Circuit Court with being accessories after the fact of the statutory felony of leaving the scene of an accident that involved a serious personal injury. The court, Eugene C. Penzien, J., quashed the informations, holding that MCL 750.505; MSA 28.773, which provides that all common-law felonies for which there is not a specific statutory punishment shall be deemed felonies and provides for punishment for such felonies, requires that both the charge of being an accessory after the fact and the underlying felony upon which the accessory charge rests must be common-law felonies. The court dismissed the accessory charge on the basis that, while it was a common-law offense, the underlying charge was not recognized at common law. The people appealed.

The Court of Appeals *held:*

The statute requires only that a charged offense be a common-law offense. It is unnecessary that the underlying offense upon which an accessory charge is based also be a common-law offense. The charged offense in this case, accessory after the fact, is a common-law offense. Accordingly, it was error for the circuit court to dismiss the charges and quash the informations.

Reversed and remanded.

CRIMINAL LAW — COMMON LAW — ACCESSORY AFTER THE FACT.

The offense of accessory after the fact, being a common-law felony for which there is no express statutory provision for punishment, is a felony punishable under the provision of the Criminal Code relating to offenses indictable at common law for which there is no other express statutory punishment; the statute does not require that the underlying felony upon which the accessory charge is based also be an offense indictable at common law (MCL 750.505; MSA 28.773).

REFERENCES

Am Jur 2d, Criminal Law §§ 7, 174.

See ALR Index under Aiding and Abetting; Common Law.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Patricia Pirnie,* for Curtis J. Cunningham.

*Randy D. Johnson,* for Timothy L. Sequin.

Before: MURPHY, P.J., and MACKENZIE and GRIFFIN, JJ.

GRIFFIN, J. The people appeal as of right an order of the circuit court dismissing the charges against defendants of being accessories after the fact, MCL 750.505; MSA 28.773. We reverse and reinstate the charges.

I

This case arises out of a hit-and-run automobile accident. At the time of the accident, Preston Badgerow, III, was driving his automobile with defendant Timothy Lee Sequin as his passenger. They were following a vehicle driven by Charles Cunningham, in which Joe Cunningham and defendant Curtis Jay Cunningham were passengers. As Badgerow drove out of a service station driveway, his vehicle struck a pickup truck, which spun and collided with a Buick automobile. As a result of the multivehicle accident, the driver of the pickup truck was killed and the driver of the Buick was seriously injured.

Following the collisions, Badgerow hesitated for a moment and then fled. Badgerow drove his vehicle to Joe Cunningham's house. The next morning, Badgerow, Charles Cunningham, defendant Sequin, and defendant Cunningham allegedly began dismantling Badgerow's automobile in an effort to

prevent its detection. Despite defendants' alleged efforts, the police discovered the automobile and traced it to the accident. Badgerow thereafter was charged with negligent homicide, MCL 750.324; MSA 28.556, and failure to stop at the scene of a serious personal injury accident, MCL 257.617; MSA 9.2317. Defendants Sequin and Curtis Jay Cunningham were charged with being accessories after the fact to Badgerow's failure to stop at the scene of a serious personal injury accident.

In the circuit court, defendants successfully moved to quash the informations. Defendants argued that MCL 750.505; MSA 28.773 requires that both the charged offense (accessory after the fact) and the preceding related felony (leaving the scene of a serious personal injury accident) be offenses indictable at common law. The circuit court agreed and dismissed the accessory charges on the basis that the crime of leaving the scene of a serious personal injury accident was not a felony recognized at common law. The people now appeal, and we reverse.

II

The crime of accessory after the fact is a common-law felony punishable under the catch-all provision of MCL 750.505; MSA 28.773. *People v Lucas,* 402 Mich 302; 262 NW2d 662 (1978); *People v Mitchell,* 138 Mich App 163, 168; 360 NW2d 158 (1984); *People v Williams,* 117 Mich App 505, 511-514; 324 NW2d 70 (1982).

MCL 750.505; MSA 28.773 provides:

Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punish-

able by imprisonment in the state prison not more than 5 years or by a fine of not more than $10,000.00, or both in the discretion of the court.

It is well settled that a common-law definition of a crime prevails unless it has been changed by statute. *People v Schmitt,* 275 Mich 575, 577; 267 NW 741 (1936). Moreover, legislative amendment of the common law is not easily presumed nor will established rules of the common law be abrogated by implication. *Hasty v Broughton,* 133 Mich App 107, 113; 348 NW2d 299 (1984).

In *Lucas, supra* at 304, the Supreme Court adopted the following common-law definition for the crime of accessory after the fact:

An "accessory after the fact," at common law, according to Professor Perkins, is "one who, with knowledge of the other's guilt, renders assistance to a felon in the effort to hinder his detection, arrest, trial or punishment."

The circuit court construed MCL 750.505; MSA 28.773 as requiring both the charged offense (accessory after the fact) and the preceding related felony (leaving the scene of a serious personal injury accident) to be crimes recognized at common law. We disagree.

### III

We review for error a lower court decision to grant a motion to quash on legal grounds. *People v Thomas,* 438 Mich 448, 452; 475 NW2d 288 (1991). An "abuse of discretion" standard of review is not employed for appeals of issues of law. *Id.*

In construing penal statutes, all provisions are to be "construed according to the fair import of their terms, to promote justice and to effect the

objects of the law." MCL 750.2; MSA 28.192; *People v Sherman,* 188 Mich App 91, 93; 469 NW2d 19 (1991). When a statute is clear and unambiguous, judicial construction at variance with the plain meaning is precluded. *People v Walker,* 166 Mich App 299, 301; 420 NW2d 194 (1988).

We find no language in the statute at issue that supports the construction adopted by the lower court. On the contrary, the terms of the statute plainly provide for punishment for crimes that were indictable at common law. The offense of accessory after the fact is such a crime. Because the statute makes no reference to preceding related felonies, the common-law definition of accessory after the fact remains unaffected.

Defendants ask us to differentiate between an accessory after the fact to a common-law felony and an accessory after the fact to a statutorily created felony. In their view, only the former is punishable under the Criminal Code. We disagree and find no reason in law or logic to make such a distinction. In light of the statutory language at issue, defendants' position as accepted by the lower court is untenable.

Accordingly, we reverse the decision of the circuit court and hold that pursuant to MCL 750.505; MSA 28.773 the charged crime alone must be an offense indictable at common law.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.