PEOPLE v GRANT

Docket No. 169017. Submitted May 10, 1995, at Detroit. Decided May 26, 1995, at 9:10 A.M.

James Grant was charged in the Recorder's Court for the City of Detroit with felonious assault. He filed a motion to quash the information, alleging that the facts showed that he had not had the present ability to commit the battery because of the distance between him and the victim. The court, M. John Shamo, J., agreed and quashed the information. The people appealed.

The Court of Appeals *held:*

The victim's testimony at the preliminary examination was sufficient to establish all three elements of felonious assault. The defendant approached the victim with an open knife in his hand, stated his intent to cut the victim, and stopped coming toward the victim only because she rolled up her car window before he reached her vehicle. The distance of six or seven feet between the defendant and the victim did not eliminate the defendant's present ability or apparent present ability to commit a battery.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for the defendant.

Before: MARKEY, P.J., and MacKENZIE and C. H. STARK,* JJ.

PER CURIAM. The people appeal as of right from an order of the trial court dismissing a charge of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

felonious assault, MCL 750.82; MSA 28.277, brought against defendant. We reverse and reinstate the charge.

This case arises out of a dispute over a parking spot. While the victim, Linda Williams, was waiting in her vehicle for a car to leave a parking spot so she could park in the empty space, defendant pulled his automobile into that spot ahead of her. As defendant got out of his car, Williams, still seated in her vehicle, asked defendant, "Excuse me, sir, didn't you see me sitting here," to which defendant responded by cursing at her as he walked away and telling her to take the next spot. After the two briefly exchanged other expletives, Williams then replied: "That's what's wrong with us in society today; [we] have no respect for the next person." Upon hearing this, defendant turned around, reached in his pocket, pulled out a pocket knife, opened the blade, and started walking toward Williams' car, saying "Bitch, I'll cut you." Williams quickly rolled up her window and defendant stopped when he was approximately six to seven feet from her car. Defendant then turned around and walked away.

Defendant was charged with and bound over on one count of felonious assault, MCL 750.82; MSA 28.277. Defendant subsequently filed a motion to quash the information, arguing that there had been no present ability to commit the battery; according to defendant, Williams rolled up her window when he was six to seven feet from her car, at which point he walked away, and showing a knife did not constitute felonious assault. In granting defendant's motion to quash and dismissing the case without prejudice, the trial court relied on *People v Lilley,* 43 Mich 521; 5 NW 982 (1880), and held that "the examining Magistrate did abuse her discretion in binding this Defendant

over for trial. There's a sufficient distance between them. The assault could not have taken place." The people appealed. We reverse.

We review for error a lower court's decision to grant a motion to quash on legal grounds. *People v Cunningham,* 201 Mich App 720, 723; 506 NW2d 624 (1993). The trial court, however, reviews for abuse of discretion a lower court's decision to bind over a defendant. *People v Flowers,* 191 Mich App 169, 174; 477 NW2d 473 (1991). To secure the binding over of a defendant, the prosecution must present to the district court sufficient evidence establishing, as a matter of law, that the defendant probably committed the offense charged. *Id.*

A simple criminal assault has been defined as "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979); see also *People v Jones,* 443 Mich 88, 92; 504 NW2d 158 (1993). Felonious assault is further defined as (1) a simple assault, (2) aggravated by the use of a weapon, and (3) including the element of present ability or apparent present ability to commit a battery. *Id.* at 100; see also *People v Malkowski,* 198 Mich App 610, 614; 499 NW2d 450 (1993).

Applying the law to the facts of this case, we believe that Williams' testimony at the preliminary examination was sufficient on a probable cause basis to establish all three elements of felonious assault: defendant approached Williams with an open knife in his hand, he stated his intent to "cut" her, and he stopped coming toward her only because she quickly rolled up her car window before he reached her vehicle. We do not believe that the distance of six to seven feet eliminated defendant's "present ability or apparent present

ability to commit a battery," as defendant and the trial court surmised. The flaw in their logic becomes clear when one considers that defendant could have thrown or intended to throw the knife at Williams from that distance, and he could have opened an unlocked door or even broken the window. Defendant's acknowledgment that a gun rather than a knife would have given him the present ability to commit a battery is, therefore, spurious.

The trial court and defendant also erred in relying on an 1880 decision of our Supreme Court as being dispositive of the motion to quash. *Lilley, supra.* The crime of felonious assault did not exist at common law when the *Lilley* decision was published but became part of the Penal Code when the Legislature subsequently created what are known as "aggravated offenses." *Jones, supra* at 100. Moreover, *Lilley* is not factually on point, contrary to defendant's assertions. *Lilley* involved an altercation between two men where one man took a knife out of his pocket (although no one was sure whether the knife was open), made some threats to the other man, and advanced toward him. *Id.* at 523. After the assailant took one or two steps, a bystander restrained the assailant at a point approximately ten to fifteen feet from the intended victim. *Id.* It was this distance—ten to fifteen feet or twice the distance in the case at bar —that our Supreme Court believed was too great to allow an actual assault, i.e., the distance must be such that harm might ensue if the aggressor is not prevented from completing the threatened violence. *Id.* at 525-526.

Indeed, *Lilley* and the case at bar are factually distinguishable. Here, there was no intervening bystander who convinced defendant to voluntarily abandon his advances. Rather, Williams' frantic

act of rolling up her window apparently deterred defendant's advances, but it did not nullify defendant's ability, *before the window's closure,* to commit the battery. Also, the aggressor in *Lilley* was twice the distance from his intended victim that defendant was in this case, and only defendant had an opened knife in his hand. Thus, we believe that the trial court erred as a matter of law in relying on *Lilley* to quash defendant's information. See *Cunningham, supra* at 723-724.

Accordingly, we reverse the decision of the trial court and hold that the information against defendant should not have been quashed; he possessed the present ability or apparent present ability to commit a battery against his victim. *Jones, supra* at 100.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.