PEOPLE OF THE STATE OF MICHIGAN, Plaintiff-Appellee,
v.
RODNEY WALKER, Defendant-Appellant.
No. 290049.
Court of Appeals of Michigan.
March 11, 2010.
Before: SERVITTO, P.J., and BANDSTRA and FORT HOOD, JJ.

UNPUBLISHED
PER CURIAM.
Following a jury trial, defendant was convicted of two counts of felonious assault, MCL 750.82,[1] felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (second offense), MCL 750.227b. He was sentenced to concurrent prison terms of one to four years for each assault conviction, 14 to 90 months for the felon in possession conviction, and a consecutive five-year term of imprisonment for the felony-firearm conviction. He appeals as of right. We affirm. Defendant's convictions arise from a shooting on July 30, 2007, near the Detroit home of complainant Mark White, Jr. Defendant previously dated the daughter of complainant Mark White, Sr., and Mark Sr. was angry about a report that defendant had assaulted her. While walking from Mark Jr.'s home, Mark Sr. saw defendant on the corner of the block and confronted him about the assault. Mark Sr. testified that he asked defendant if he "like[d] hitting women." In turn, defendant motioned toward his waistband and "went to pull out a gun." Mark Sr. saw the handle of a gun and saw defendant's hand "on the butt of the gun." Mark Sr. explained that he "bear hugged" defendant to stop him from pulling the gun because he thought he would be killed. As defendant and Mark Sr. fought, Mark Sr. was shot in the foot. Mark Sr. ran and dove behind a pickup truck. When he looked underneath the truck, he saw defendant "coming and the gun, [and he] could hear the gun going off." He ran into an alley and hid because he could not continue running on his wounded foot.
During the episode, Mark Jr.'s fiancée was on their porch; Mark Jr. was initially on the porch but headed toward the corner after seeing defendant get out of a car. Mark Jr.'s fiancée testified that from her vantage point, she saw Mark Sr. and defendant engage in an argument, Mark Sr. grab defendant and hold him with both arms, and the two men struggle. She then heard three gunshots and Mark Sr. scream that he had been shot. Mark Sr. limped behind a larger vehicle and then into an alley, while defendant walked with a gun in his hand, firing about three to four additional shots. Mark Jr. testified that he did not see the initial confrontation, but heard gunshots and heard Mark Sr. scream that he had been shot, and that he saw defendant with a gun. Defendant ran, and Mark Jr. subsequently heard six or seven additional gunshots. Mark Jr. then saw defendant in the alley, they exchanged words, and defendant pointed the gun "to [Mark Jr.'s] face" and threatened to "shoot [his] bitch ass," before fleeing. According to police testimony, the firearm was not located, but six spent nine-millimeter shell casings were found on the sidewalk.
The defense argued that defendant was not armed with a weapon and did not fire a weapon during the incident. Rather, the defense theory was that the complainants possessed firearms.[2] The defense theory was that defendant grabbed Mark Sr. as Mark Sr. was assaulting him, that Mark Sr.'s gun discharged, and that Mark Sr. was accidentally shot in the foot. At that point, Mark Jr. entered the dispute and discharged his weapon as defendant fled the scene.
Defendant's sole argument on appeal is that the evidence was insufficient to sustain his convictions of felonious assault. We disagree.
When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational jury could find that the essential elements of the crime were proven beyond a reasonable doubt. People v Wolfe, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). This Court will not interfere with the jury's role of determining the weight of evidence or the credibility of witnesses. Id. at 514. It is for the jury to decide what inferences can be fairly drawn from the evidence and to judge the weight to be accorded to those inferences. People v Hardiman, 466 Mich 417, 428; 646 NW2d 158 (2002). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." People v Nowack, 462 Mich 392, 400; 614 NW2d 78 (2000).
"`The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.'" People v Chambers, 277 Mich App 1, 8; 742 NW2d 610 (2007), quoting People v Avant, 235 Mich App 499, 505; 597 NW2d 864 (1999). An assault is "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." People v Grant, 211 Mich App 200, 202; 535 NW2d 581 (1995), quoting People v Johnson, 407 Mich 196, 210; 284 NW2d 178 (1979). "An actor's intent may be inferred from all of the facts and circumstances, and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." People v Fetterley, 229 Mich App 511, 517-518; 583 NW2d 199 (1998).
Viewed most favorably to the prosecution, the evidence was sufficient to establish that defendant assaulted both complainants with a dangerous weapon with the intent to injure or place them in reasonable apprehension of an immediate battery. There was evidence that during a tussle between defendant and Mark Sr., defendant reached for his gun and shot Mark Sr. in the foot. Defendant did not act in accordance with an accidental shooting, but instead went in the direction of Mark Sr., who was fleeing, while firing additional shots. There was also evidence that when defendant and Mark Jr. came face to face after the shooting, defendant pointed a gun at Mark Jr.'s face and threatened to kill him. From this evidence, the jury could reasonably conclude that defendant assaulted both complainants with a dangerous weapon. Defendant argues that the evidence was insufficient because there was no evidence that he possessed a firearm, Mark Sr. was not credible, and no witnesses corroborated Mark Sr.'s testimony that defendant motioned for a gun in his waistband. This argument asks this Court to ignore the jury's role in determining the weight of evidence or the credibility of witness testimony and resolve credibility issues anew on appeal. Here, all three witnesses testified that defendant possessed a firearm. Absent compelling circumstances, which are not present here, the credibility of witnesses is for the jury to determine. People v Lemmon, 456 Mich 625, 642; 576 NW2d 129 (1998); Wolfe, 440 Mich at 514-515. Further, contrary to what defendant suggests, there is no requirement that eyewitnesses corroborate a complainant's testimony. That argument concerns the weight of evidence, which is for the jury to decide. Id. Drawing all reasonable inferences and make credibility choices in support of the jury verdict, People v Nowack, 462 Mich 392, 400; 614 NW2d 78 (2000), we conclude that the evidence presented at trial was sufficient to sustain defendant's convictions.
We affirm.
NOTES
[1] Defendant was originally charged with two counts of assault with intent to commit murder, MCL 750.83, and assault with intent to do great bodily harm less than murder, MCL 750.84, as alternatives to felonious assault.
[2] Mark Sr. denied having a gun.