# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TRAVIS DARNELL BAKER,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 319304
Wayne Circuit Court
LC No. 13-004602-FC

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to two years in prison for his felony-firearm conviction and three years' probation for his felonious assault conviction. We affirm.

On appeal, defendant contends that his convictions were against the great weight of the evidence. We disagree. A conviction is against the great weight of the evidence "only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand." *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998); see also *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "Absent exceptional circumstances, issues of witness credibility are for the trier of fact." *Id*. Exceptional circumstances include situations where "a witness's testimony is . . . so inherently implausible that it could not be believed by a reasonable juror" or "where the witness' testimony has been seriously impeached and the case marked by uncertainties and discrepancies." *Lemmon*, 456 Mich at 644 (quotations and citations omitted). "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *Id*. at 647.

We first analyze whether defendant's conviction of felonious assault was against the great weight of the evidence. "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007) (quotations and citations omitted). Dangerous weapons include "a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon." MCL 750.82(1).

Some preliminary facts are necessary to resolve this issue. On April 13, 2013, defendant went to a K-Mart in Westland, Michigan, to purchase laundry detergent. He was accompanied

by his girlfriend, Jamaira Larkin. Benjamin Dixon and Jim Wink, who worked as loss-prevention officers for K-Mart, were at work and watching security camera footage at that time. Defendant paid for the laundry detergent. However, unbeknownst to defendant, Larkin had stolen jewelry. Defendant and Larkin exited the K-Mart and were confronted by Dixon and Wink, who suspected Larkin of shoplifting. Defendant became agitated with Wink and Dixon and began to approach the men. Dixon claimed that defendant purposefully lifted his hoodie to reveal a gun he carried beneath his clothing. Defendant, however, claimed that he accidentally revealed his gun. Wink had his back turned to defendant; thus, he never saw the gun.

Defendant bases his entire argument on the fact that he did not point his gun at either Dixon or Wink. Therefore, he contends, the great weight of the evidence could not establish that either Dixon or Wink was in immediate fear of a battery. Defendant contends that, because Wink never saw him reveal his gun, it was impossible for Wink to have been placed in immediate fear of a battery. We note that defendant was only convicted of one count of felonious assault, and the record clearly establishes that Dixon saw defendant's gun. Thus, the real question presented on appeal is whether the great weight of the evidence supported a finding that defendant committed felonious assault against Dixon. Defendant does not dispute that he had a handgun with him at the time of the incident; thus, we need not analyze the second element of felonious assault.

The first element of felonious assault requires proof of an "assault." An assault is an attempt to commit a battery or an unlawful act that places another person in reasonable apprehension of receiving an immediate battery. *People v Grant*, 211 Mich App 200, 202; 535 NW2d 581 (1995). Wink testified that his conversation with Larkin became louder and louder, with both Larkin and Wink using loud voices. Thus, the setting was already tense. Dixon testified that while the situation was already tense, he attempted to read defendant's license plate, which angered defendant. Dixon also testified that defendant stood in front of the license plate, blocking Dixon's view, and told Dixon not to read his plate. Dixon testified that after this exchange, defendant began to physically approach Dixon and Wink and asked the men if "we were going to have trouble" and warned that "[w]e better not have any trouble." The situation was tense enough that Wink immediately turned his back to defendant because he did not want to escalate the confrontation. Dixon also testified that defendant approached him and Wink in a "hostile fashion." Dixon explained that, at this point, defendant lifted his hoodie with his hand to pull the hoodie up, showing his waist and revealing the gun. In contrast, defendant testified that he was agitated with Wink and Dixon, but instead of pulling up his hoodie to purposefully reveal his gun, the gun was inadvertently revealed when he raised his hands while talking. Defendant additionally contends that because he did not point the gun at Dixon or Wink, he could not have committed an assault.

While defendant's version slightly conflicts with Dixon's and Wink's, conflicting testimony is not enough to show that a conviction is against the great weight of the evidence. *Lemmon*, 456 Mich at 644. Furthermore, based on the evidence presented at trial, ample evidence supported a finding that defendant committed an assault. Given the evidence that defendant aggressively approached Dixon and revealed his gun, it was reasonable for the jury to conclude beyond a reasonable doubt that Dixon was placed in fear of an immediate battery. See *Grant*, 211 Mich App at 202.

-2-

The third element of felonious assault requires proof that defendant had the intent to injure or place the victim in reasonable apprehension of an immediate battery. *Chambers*, 277 Mich App at 8. "This Court has consistently observed that 'because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient.' " *People v Ericksen*, 288 Mich App 192, 196-197; 793 NW2d 120 (2010) (citation omitted). Defendant contends that the great weight of the evidence established that he lacked the requisite specific intent to commit this crime because his revelation of the gun to Dixon was accidental. As stated before, Dixon described defendant as angry and claimed that defendant approached Dixon and Wink in a hostile manner. Furthermore, Dixon testified that defendant purposefully reached with his hand to reveal the gun that he was carrying on his right side. After the incident, Dixon was interviewed by a police officer who found Dixon to be very shaken, uneasy, and nervous. Dixon testified at trial, "I was afraid for my life. I believed I was in imminent danger." Thus, the jury was presented with evidence that defendant approached Wink and Dixon, revealed his gun, and was angry while doing so. This circumstantial evidence was enough to prove that defendant had the specific intent to commit felonious assault. Defendant painted a different picture with his testimony, explaining that the revelation of his gun was purely accidental. However, credibility is a matter for the jury to decide. *Lemmon*, 456 Mich at 462. The jury's determination that defendant had the requisite felonious intent was not against the great weight of the evidence.

Because defendant's conviction of felonious assault was supported by the great weight of the evidence, and because defendant does not dispute that he possessed a gun at the time of the incident, defendant's conviction of felony-firearm was also supported by the great weight of the evidence. See MCL 750.227b.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola