*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SCOTT EDWARD BARNARD,

Defendant-Appellant.

UNPUBLISHED
February 13, 2025
9:10 AM

No. 369246
Berrien Circuit Court
LC No. 2022-002914-FH

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

Defendant, Scott Edward Barnard, appeals by right his jury conviction of one count of assault with a dangerous weapon, MCL 750.82(1). The trial court sentenced defendant to serve 120 days in county jail and 12 months of probation. On appeal, defendant argues that defense counsel provided ineffective assistance because he failed to introduce an exculpatory video of the assault and failed to object to being prohibited from asking the victim about Federal Aviation Administration (FAA) regulations. Additionally, defendant argues that there was insufficient evidence supporting his conviction. Because we conclude that defendant has not established any errors that warrant relief, we affirm.

## I. BASIC FACTS

At the time of the incident, defendant lived on an 80-acre property near a lot of farmland. The victim, Keagan McGraw, was a pilot for an aerial application company that used small airplanes to put fungicide, insecticide, seed, and fertilizer on fields. McGraw was hired to apply grass seed to a field next to defendant's property.

On the day at issue, McGraw was flying in the area and passed over defendant's house several times. After one pass, while making a turn, McGraw noticed a puff of smoke in the air that looked like a firework. He also saw a man standing on the ground under the trail of smoke. McGraw testified that, when he saw the smoke, he became scared and immediately flew out of the area. He explained: "I have colleagues in the industry that have been shot at with firearms before, and I was—I was nervous at that. I was nervous of getting hurt. I was nervous that another firework could hit me or something like that."

Defendant admitted to being that man. He related that he was upset that the plane was flying over his house, so he fired a commercial-grade mortar firework into the air. He denied intending to strike the plane and testified that he only wanted to alert the pilot that the plane was flying too close to his house.

A jury convicted defendant, and the trial court sentenced him as previously specified.

Defendant moved the trial court for a new trial or an evidentiary hearing, arguing that he was denied the effective assistance of counsel. The trial court denied the motion in its entirety. Defendant now appeals by right.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Defendant first argues that the prosecutor presented insufficient evidence for the jury to convict him of assault with a dangerous weapon. We disagree.

We review a challenge to the sufficiency of the evidence by reviewing the evidence de novo "in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). See also *Jackson v Virginia*, 443 US 307, 324; 99 S Ct 2781; 61 L Ed 2d 560 (1979). "But more importantly, '[t]he standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict.' " *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018), quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Further, the prosecutor does not have to negate every reasonable theory consistent with innocence—the prosecutor is bound only "to prove the elements of the offense beyond a reasonable doubt," and "in the face of whatever contradictory evidence the defendant may provide." *Nowack*, 462 Mich at 400 (quotation marks and citation omitted).

### B. ANALYSIS

To prove a charge under MCL 750.82(1), the prosecutor had to present evidence that defendant committed "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Assault with a dangerous weapon also requires the "present ability or apparent present ability to commit a battery." *People v Grant*, 211 Mich App 200, 202; 535 NW2d 581 (1995). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). "[A] battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004) (quotation marks and citation omitted).

In this case, the jury heard sufficient evidence for each element. First, regarding the dangerous-weapon requirement, any object may be dangerous, depending on the manner in which it is used. See *People v Kay*, 121 Mich App 438, 443-444; 328 NW2d 424 (1982). In this case,

McGraw described how his company does not fly on the Fourth of July because of the danger of fireworks. Defendant and McGraw both testified that a mortar can explode up to 100 feet above the ground. McGraw also said that he had been flying at approximately 75 feet above the ground. He described that he could have been seriously injured or killed if a mortar were to hit his plane.

Next, regarding assault, McGraw testified that when he saw the smoke from the mortar, he was scared and nervous that another firework might hit him. He "genuinely feared" that defendant was acting out of anger and was trying to hurt him. Through this testimonial evidence, the jury heard evidence that McGraw apprehended an immediate battery from a mortar, which could be a dangerous weapon for a small airplane.

Defendant argues, however, that the intent element was unsupported because he testified that he did not intend to hurt the pilot or make the pilot believe that he would be hurt. At trial, defendant described his objective in detail—he wanted the pilot to see the smoke from the mortar and leave, but he did not want to hurt the pilot. Defendant claimed that he wanted only "[t]o signal to the pilot not to fly erratically over [defendant's] residence." To that end, defendant testified that he timed the explosion so that the pilot would see the mortar, but not be hit. Defendant lit the fuse when the pilot had already passed over him but had "tipped it's [sic] wing like it was going to make another turn." And as the plane was making that turn "at least a football field distance away," the mortar exploded.

Using these facts, defendant further alleges that the assault element was unsupported because the pilot's apprehension was not reasonable. The pilot did not see the firework erupt, only the residual smoke. Accordingly, the pilot's only fear was that he might be hit by another firework, and there was no evidence that there was another firework. Therefore, defendant claims that his conviction was not supported by sufficient evidence.

This Court, when reviewing challenges to the sufficiency of the evidence, must not interfere with the jury's role in deciding the weight and credibility to give to a witness's testimony. *People v Hardiman*, 466 Mich 417, 431; 646 NW2d 158 (2002). In the matter before us, the jury heard testimony from McGraw and defendant and from it could determine whether defendant's act of lighting a mortar caused McGraw to apprehend that he might be hit by a mortar, whether that apprehension was reasonable, and whether defendant intended to cause that apprehension, as required for the conviction. See *Avant*, 235 Mich App at 505 (listing the elements of felonious assault). McGraw stated that he did have an immediate fear of being struck. Although defendant claimed that he did not want to cause such a fear, he admitted that he wanted the pilot to see the firework and leave. A reasonable jury could infer from defendant's own testimony that— notwithstanding his protestations to the contrary—he was in fact trying to scare the pilot into flying away by causing him to fear an immediate battery. Clearly, the jury found McGraw credible and did not believe defendant regarding his intent. This Court will not second-guess those assessments. See *id*. Therefore, viewing all the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in support of the jury's verdict, we conclude that there was sufficient evidence to support defendant's conviction. See *Oros*, 502 Mich at 239.

III. EVIDENTIARY HEARING

A. STANDARD OF REVIEW

Defendant next argues that the trial court erred by denying his motion for a *Ginther*[1] hearing because such a hearing was necessary for him to prove that defense counsel was ineffective. We disagree.

A trial court's decision whether to grant an evidentiary hearing is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). An abuse of discretion occurs when the court chooses an outcome outside the range of reasonable and principled outcomes. *Id*. at 217.

B. ANALYSIS

The Constitutions of the United States and Michigan guarantee a defendant the right to the assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To prove that counsel provided ineffective assistance, a defendant must demonstrate that (1) " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) defendant was prejudiced, which means "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) (quotation marks and citation omitted). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004).

A defendant bears the burden to prove the factual predicate of his claim that defense counsel did not provide effective assistance. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). The purpose of a *Ginther* hearing is to provide an opportunity for a defendant to establish facts or produce evidence that will assist him in establishing an ineffective assistance of counsel claim. See *id*.; *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973). A trial court's denial of a defendant's request for a *Ginther* hearing does not warrant relief if this Court is not persuaded that further factual development would advance the defendant's claim. See *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009).

In this case, defendant claims that his trial counsel was ineffective in two ways: (1) defense counsel declined to introduce at trial a potentially exculpatory video of the assault, and (2) defense

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

counsel did not object to being prohibited from asking questions about whether McGraw was following FAA regulations at the time of the assault. We find that neither issue requires further development to advance defendant's claims of ineffective assistance of counsel.

At the hearing regarding defendant's motion for a *Ginther* hearing, the trial court stated that it found defendant's argument that he fired the mortar to get the pilot's attention to be "ridiculous" and that video evidence of that argument also would be ridiculous. Nevertheless, the trial court watched the video and listened to appellate counsel's argument that the video showed that the plane had well passed when defendant fired the mortar. The trial court disagreed with appellate counsel's interpretation of the video, stating that the video "[d]oesn't show that at all" and "[t]he plane and the fireworks are not even in the same picture." The trial court added that "just because in one frame you see the plane go by, he likely is looping back through." The trial court ultimately found that it agreed "100 percent" with defendant's trial counsel that the video was not helpful.

Indeed, the video is not clearly exculpatory. Generally, the video could be interpreted to support defendant's testimony at trial that he waited until the plane had passed but had "tipped its wing" before defendant lit the firework fuse. But even so, the video does not show the explosion, the smoke from the explosion, or the plane's location at the time of the explosion. In other words, the video does not provide much, or any, significant evidence to discredit McGraw's testimony about his apprehension or to clarify defendant's extensive testimony about his intent—the two elements that defendant claims lack support. Therefore, we conclude that the trial court's assessment of the video's efficacy was not unreasonable. See *Unger*, 278 Mich App at 217. In fact, we are inclined to agree with the trial court's assessment. See *People v Kavanaugh*, 320 Mich App 293, 298; 907 NW2d 845 (2017) ("Like the trial court, we have watched and listened to the recording. Having done so, we need not rely on the trial court's conclusions as to what the video contains.").

Similarly, the trial court was unconvinced that asking questions about the FAA regulations would have been helpful at trial. Defendant argued in his motion for a *Ginther* hearing that the pilot violated federal regulations by flying less than 500 feet above the ground. See 14 CFR 91.119(c). The trial court indicated its skepticism that the regulations would apply to aircraft applying seed because such planes must apply seed from a low altitude. If not, such planes would violate other laws because they would be "spreading that stuff everywhere." And, although the trial court mused that it might have been useful if defense counsel had moved in limine to attempt to demonstrate that the FAA regulations applied to McGraw, ultimately the trial court denied the motion for the *Ginther* hearing.

As with the video, the trial court's decision on the FAA issue did not fall outside the range of reasonable and principled outcomes. See *Unger*, 278 Mich App at 217. As the trial court suspected, agricultural aircraft generally are regulated by their own section of the FAA regulations (Part 137). Notably, regarding permissible altitudes for agricultural operations:

> *Notwithstanding part 91 of this chapter*, during the actual dispensing operation, including approaches, departures, and turnarounds reasonably necessary for the operation, an *aircraft may be operated* over other than congested areas *below 500 feet above the surface and closer than 500 feet to persons, vessels,*

*vehicles, and structures*, if the operations are conducted without creating a hazard to persons or property on the surface. [14 CFR 137.49 (emphasis added).]

Therefore, an objection at trial or a motion in limine before trial likely would not have changed defense counsel's strategy, much less the outcome, because there is no evidence McGraw was violating FAA regulations at the time of the assault. "[T]rial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). But even if he had been violating the regulations, defendant provided no basis for an argument that this evidence would have changed the jury's assessment of defendant's intent to scare the pilot.

In conclusion, even if the trial court had granted defendant's request for a *Ginther* hearing, it is unclear how defendant could have provided further factual development for his claim of ineffective assistance of counsel. The trial court had already watched the video, and heard and rejected defendant's arguments about its efficacy for exculpation. Additionally, the FAA regulation that defendant wanted defense counsel to raise at trial does not apply to a pilot dispensing seed in an uncongested area, such as farmland and defendant's 80-acre property. See 14 CFR 137.49. On this record, the trial court did not abuse its discretion by denying defendant's motion for a new trial or an evidentiary hearing.

## IV. CONCLUSION

The prosecutor presented sufficient evidence from which a rational trier of fact could find each of the elements of assault with a dangerous weapon. Additionally, defendant has not shown that the trial court abused its discretion by denying his motion for a new trial or an evidentiary hearing. Therefore, defendant has not identified any errors that warrant relief.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett