PEOPLE v LASTER

Docket No. 95569. Submitted October 21, 1987, at Detroit. Decided July 6, 1988.

George E. Laster was convicted in the Recorder's Court for the City of Detroit of attempted assault with intent to rob while armed. The trial court, Prentis Edwards, J., sentenced defendant to from 1 to 2½ years imprisonment. Defendant appealed alleging that he was convicted of a nonexistent crime.

The Court of Appeals *held:*

An assault is defined as either (1) an attempt to commit a battery or (2) an unlawful act which places another in reasonable apprehension of receiving an immediate battery. The latter type of assault can be attempted. The facts indicate that defendant attempted the latter type of assault.

Affirmed.

ASSAULT AND BATTERY — ATTEMPTS.

An assault is defined as either (1) an attempt to commit a battery or (2) an unlawful act which places another in reasonable apprehension of receiving an immediate battery; the latter type of assault can be "attempted" and, therefore, a defendant who attempts, without success, to commit an unlawful act which places another in reasonable apprehension of receiving an immediate battery may be convicted of attempted assault.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner* (by *Norman R. Robiner*), for defendant.

REFERENCES

Am Jur 2d, Assault and Battery §§ 8-12.
Attempt to commit assault as criminal offense. 79 ALR2d 597.

Before: D. F. WALSH, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was charged with assault with intent to rob while armed, MCL 750.89; MSA 28.284. At the conclusion of a one-day waiver trial, defendant was found guilty of attempted assault with intent to rob while armed and was subsequently sentenced to a term of 1 to 2½ years in prison. Defendant now appeals as of right from that conviction, seeking peremptory reversal of his conviction on the basis that he was convicted of a nonexistent crime.

On April 29, 1986, at about 10:30 P.M., Yemi Akintunde was working at Church's Chicken on Gratiot in the City of Detroit. A man, whom she later identified as defendant, entered the restaurant and asked her for a glass of water. She gave him a cup of ice and told him he could get water from the restroom. He went outside, then came back and spent some time talking with another employee. A few minutes later he came back to the window with a brown paper bag over his hand and pointed the bag at Akintunde. He said, "Open the cash register." She told defendant that she did not know how to open the register. Akintunde testified that, although she never saw a gun, she thought that defendant had a gun by the way he pointed the bag at her, and she was afraid. Akintunde's friend knocked on the back door and, with defendant's permission, Akintunde opened the door. Akintunde, the manager, and the other employee all left the building and ran to the Farmer Jack's store nearby and called the police. They returned minutes later when they saw the police

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had arrived. The police had defendant and another man lying on the ground outside.

Defendant claims there is no such crime in Michigan as attempted assault with intent to rob. An "attempt" to commit a crime is defined by statute as follows:

> Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished . . . . [MCL 750.92; MSA 28.287.]

For years it was undisputed in the case law that there could be no attempted assault because assault was defined "as an attempt or offer, with force and violence, to do bodily hurt to another with a present means of accomplishing the hurt." *People v Patskan,* 29 Mich App 354, 357; 185 NW2d 398 (1971), rev'd on other grounds 387 Mich 701; 199 NW2d 458 (1972). Therefore, an attempted assault would amount to an attempt to attempt or offer. Because this made no sense, several panels of this Court determined that there could be no crime of attempted assault. *People v Richard Banks,* 51 Mich App 685; 216 NW2d 461 (1974); *People v Maxwell,* 36 Mich App 127, 128; 193 NW2d 176 (1971). Our Supreme Court, in *Patskan,* declined to decide whether, under any circumstances, there could be an attempted assault, because such a determination was not necessary to its decision of the issue in that case. *Patskan,* 387 Mich 711.

The Michigan Supreme Court case of *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718

(1979), defined assault as either (1) an attempt to commit a battery or (2) an unlawful act which places another in reasonable apprehension of receiving an immediate battery. The latter type of assault can be "attempted." *People v Etchison,* 123 Mich App 448, 453; 333 NW2d 309 (1983), lv den 417 Mich 1100.14 (1983).

In the case at bar, defendant behaved in a manner which reasonably caused Akintunde to believe that he had a gun in the paper bag, causing her to fear him. Under these circumstances, we believe that a defendant could attempt (without success) to commit an unlawful act which places another in reasonable apprehension of receiving an immediate battery. We therefore affirm defendant's conviction for attempted assault with intent to rob while armed.

Affirmed.