PEOPLE v JONES

Docket No. 94307. Argued March 31, 1993 (Calendar No. 2 April). Decided July 27, 1993.

Mearl E. Jones was convicted following a bench trial in the Detroit Recorder's Court, William Leo Cahalan, J., of entry without permission and attempted felonious assault. The Court of Appeals, DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ., reversed and vacated the conviction on the ground that there is no crime of attempted assault (Docket No. 120006). The people appeal.

In a unanimous opinion by Justice GRIFFIN, the Supreme Court *held:*

The crime of attempted felonious assault exists under Michigan law, and a defendant may be convicted of attempted felonious assault even though the evidence shows a completed felonious assault.

1. Felonious assault is a simple assault aggravated by the use of a weapon, and includes the element of present ability or apparent present ability to commit a battery. An attempt consists of an intent to do an act or to bring about certain consequences that would amount to a crime, and an act in furtherance of that intent that goes beyond mere preparation. Mere preparation consists of making arrangements or taking steps necessary for the commission of a crime, while an attempt consists of some direct movement toward commission of the crime that would lead immediately to its completion.

2. There is no logical impediment to a conviction for attempted felonious assault where the accused intended, while armed with a dangerous weapon, to cause another to reasonably fear an immediate battery. In addition, there is no indication that the Legislature intended to preclude conviction of attempted felonious assault.

3. Conviction of attempted felonious assault is not precluded by the general attempt statute. Further, a defendant may be

REFERENCES

Am Jur 2d, Assault and Battery § 10.

Attempt to commit assault as criminal offense. 79 ALR2d 597.

convicted of an attempt even where the evidence shows a completed crime.

Reversed.

193 Mich App 551; 484 NW2d 688 (1992) reversed.

1. CRIMINAL LAW — ATTEMPTED FELONIOUS ASSAULT.

The crime of attempted felonious assault exists under Michigan law, and a defendant may be convicted of attempted felonious assault even though the evidence shows a completed felonious assault (MCL 750.82, 750.92; MSA 28.277, 28.287).

2. CRIMINAL LAW — ATTEMPTED FELONIOUS ASSAULT.

A conviction for attempted felonious assault may be had where the accused intended, while armed with a dangerous weapon, to cause another to reasonably fear immediate battery.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief, Research, Training and Appeals, and *Carolyn Schmidt* and *Jeffrey Caminsky,* Assistant Prosecuting Attorneys, for the people.

*Dana B. Carron* for the defendant.

GRIFFIN, J. This case requires us to decide whether a person may be convicted under Michigan law of attempted[1] felonious assault.[2] After a bench trial, the judge made findings of fact that would have supported conviction of the completed

---

[1] Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows . . . . [MCL 750.92; MSA 28.287.]

[2] Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony. [MCL 750.82; MSA 28.277.]

offense of felonious assault; however, the court found defendant guilty of only an attempt to commit that crime. On appeal the conviction was vacated by the Court of Appeals on the ground that "there is no crime of attempted assault."[3] We disagree, and therefore reverse the decision of the Court of Appeals.

I

According to defendant Mearl Elton Jones, he believed in October 1988 that he would soon be the victim of a drug-related revenge killing. On October 23, 1988, hoping to elude those he regarded as killers, Jones broke into a stairway leading to the upper apartment of a two-family residence and urgently asked the occupant of the upper flat to call the police. She did so, but refused to allow defendant to enter her living quarters.

Brandishing a pair of scissors, defendant tried to enter through the door, but she quickly closed it. Two Hamtramck police officers soon arrived and attempted to arrest defendant. One of the officers later testified that defendant resisted and, as he was being handcuffed, swiftly moved his arm, directing the scissors in his hand at the officer. Grabbing defendant's arm, the officer stopped the scissors just inches from his leg and forced him to drop the scissors. Still struggling, defendant was handcuffed and then forced into a police car.

Defendant was charged with breaking and entering, MCL 750.110; MSA 28.305, and two counts of assault with a dangerous weapon (felonious assault), MCL 750.82; MSA 28.277. At the conclusion of a bench trial, Judge William Leo Cahalan found defendant guilty of entry without permission, MCL 750.115; MSA 28.310, a misdemeanor, and of one

---

[3] 193 Mich App 551, 553; 484 NW2d 688 (1992).

count of *attempted* felonious assault. Later, defendant was sentenced to ninety days in jail for entry without permission, and to one to two years' imprisonment for attempted felonious assault.

At no time during trial or at sentencing did defendant argue that attempted felonious assault is not a crime. However, five months later, defendant sought and obtained an order in the Court of Appeals remanding the case to the trial court to allow him to raise that argument in a motion for a new trial. Defendant's motion for a new trial on that ground was denied.

Thereafter, the Court of Appeals reversed and vacated defendant's conviction, stating that "there is more support than ever for the position that there is no crime of attempted assault." 193 Mich App 551, 553; 484 NW2d 688 (1992). We then granted the prosecutor's application for leave to appeal. 441 Mich 880 (1992).

II

At early common law, "a criminal assault was an attempt to commit a battery and that only." Perkins, *An analysis of assault and attempts to assault,* 47 Minn L R 71, 72 (1962).[4] With the passage of time, however, the definition of criminal assault was expanded to accommodate the tort concept of civil assault, "which is committed when one, with intent to cause a reasonable apprehension of immediate bodily harm (though not to inflict such harm), does some act which causes

[4] At least one commentator has noted that the common-law definition of assault was not quite as precise as Perkins believes; however, it seems that most definitions of common-law criminal assault included at least an intent to commit a battery and some act toward the completion of that intention. See Byrn, *Assault, battery and maiming in New York: From common law origins to enlightened revision,* 34 Fordham L R 613, 617-628 (1966).

such apprehension." 2 LaFave & Scott, Substantive Criminal Law, § 7.16, p 315.

Like the courts of our sister states, Michigan courts have struggled with changing definitions of criminal assault. As early as 1880, this Court described the crime as "an inchoate violence to the person of another, with the present means of carrying the intent into effect." *People v Lilley,* 43 Mich 521, 525; 5 NW 982 (1880). Shortly after the turn of the century, however, the definition was expanded in *People v Carlson,* 160 Mich 426, 429; 125 NW 361 (1910):

> There are numerous definitions of what constitutes an assault given by courts and text-writers. We cite two, which, taken together, may be said to include all necessary elements:
>
> "An assault is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect." 3 Cyc, p 1020.
>
> "An assault is any unlawful physical force, partly or fully put in motion, creating a reasonable apprehension of immediate injury to a human being." 2 Bishop on Criminal Law (7th ed), § 23.

More recently, in *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979), this Court ruled that "a simple criminal assault 'is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery . . . .' " Quoting *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978).

The view that there can be no such crime as attempted assault is rooted in semantics and stems from the definition of assault as attempted battery:

> As an assault is itself an attempt to commit a crime, an attempt to make an assault can only be an attempt to attempt to do it, or to state the matter still more definitely, it is to do any act towards doing an act towards the commission of the offense. This is simply absurd. [*Riley Wilson v State,* 53 Ga 205, 206 (1874). See also Perkins, *supra* at 72.]

Heretofore, our Court has not directly addressed this issue.[5] However, our Court of Appeals on several occasions has considered whether there may be a conviction for an attempted assault. The decisions of that Court generally follow *People v Patskan,* 29 Mich App 354; 185 NW2d 398 (1971), rev'd on other grounds 387 Mich 701; 199 NW2d 458 (1972), in which a defendant, convicted of assault with intent to rob, argued on appeal that the jury should have been instructed on attempted assault with intent to rob. The Court of Appeals disagreed, holding that because "[a]n assault is defined as an attempt or offer . . . [t]here can be no offense of an attempt to assault, which by definition would include an attempt to attempt or offer." 29 Mich App 357. See also *People v Maxwell,* 36 Mich App 127; 193 NW2d 176 (1971); *People v Banks,* 51 Mich App 685; 216 NW2d 461 (1974); *People v Matulonis,* 60 Mich App 143; 230 NW2d 347 (1975) (opinions of BRONSON and BURNS, JJ.); *People v LeBlanc,* 120 Mich App 343; 327 NW2d 471 (1982); *People v Etchison,* 123 Mich App 448; 333 NW2d 309 (1983).

---

[5] In *People v Patskan,* 387 Mich 701, 711; 199 NW2d 458 (1972), this Court expressly declined to address the issue, choosing instead to decide that case on other grounds. Nevertheless, four members of the Court, in two separate opinions, stated the view that in Michigan there is no such crime as attempted assault. *Id.* at 716 (opinion of T. G. KAVANAGH, J., WILLIAMS, J., concurring), 717 (opinion of BLACK, J., BRENNAN, J., concurring). Because the case was decided on other grounds, the statements concerning the issue may be regarded as dicta.

In several of the cases cited, however, the Court of Appeals conceded at least the possibility of an attempted assault. For example, in *Banks, supra* at 689, the panel explained its view that "[i]f an assault is defined as a separate substantive crime with the element of present ability, then an attempt is logically possible. However, if an assault is defined as an attempted battery then the argument in favor ·of an attempt becomes a logical circle." The *Etchison* panel recognized that, in a proper case, an instruction for attempted assault might be given in light of *Joeseype Johnson;* however, the panel also said that where a defendant is charged with "attempted battery" assault, such an instruction would be inappropriate. 123 Mich App 453.

Not until *People v Laster,* 169 Mich App 768; 426 NW2d 806 (1988), did the Court of Appeals squarely recognize the crime of attempted assault. In that case, the defendant was charged with assault with intent to rob while armed, and after a waiver trial, was convicted of an attempt to assault with intent to rob while armed. Rejecting the defendant's contention that his conviction should be set aside because no such offense exists, the Court opined that "an unlawful act which places another in reasonable apprehension of receiving an immediate battery . . . can be 'attempted.'" *Id.* at 771.

However, the *Laster* holding was effectively overruled by the decision of the Court of Appeals in the case now before us,[6] wherein the panel said,

[A]fter the *Joeseype Johnson* decision, there is more support than ever for the position that there is no crime of attempted assault. An assault now

[6] Except in this Court, the decision is binding precedent under Administrative Order No. 1990-6, 436 Mich lxxxiv.

requires an affirmative act by a defendant, either toward attempting a battery or toward some action that places another in reasonable apprehension of an immediate battery. Under the current definition, there can be no attempted assault that does not also constitute an assault. [193 Mich App 553.]

### III

#### A

Other jurisdictions have considered this issue, and have reached varying results.[7] Some courts have merely applied the rationale of *Wilson, supra,* to conclude that there can be no conviction of attempted assault. See *State v Hewett,* 158 NC 627, 629; 74 SE 356 (1912) ("one cannot be indicted for an attempt to commit a crime where the crime attempted is in its very nature an attempt"); *White v State,* 22 Tex 608, 609 (1858) ("[t]here is no such offense known to the law as 'an attempt to commit an assault, with intent to murder' ").

More recently, this issue has been considered in the context of a statute defining assault as an attempted battery.[8] Concluding that there can be

---

[7] See anno: *Attempt to commit assault as criminal offense,* 79 ALR2d 597, 598-600.

[8] This conundrum does not arise in jurisdictions, such as New York, where "assault" is defined by statute to require the infliction of physical injury. See NY Penal Law, § 120.00 *et seq.* As one commentator has explained, "[u]nlike the common law, the *sine qua non* of assault is that, at the least, the actor must cause injury. Assaultive conduct which fails to cause injury may constitute such crimes as attempted assault, reckless endangerment, sexual abuse, or harassment." NY Penal Law, § 120.00 *et seq.,* Practice Commentaries. Thus, an attempted assault would be committed where one person strikes another without causing physical injury. See *People v Williams,* 120 Misc 2d 68, 71-72; 465 NYS2d 648 (1983).

In Florida, an assailant may be convicted of attempted assault where the victim is stabbed in the back, but had no knowledge, and thus no reasonable apprehension, of the impending attack. *Edwards v State,* 338 So 2d 84, 85 (Fla App, 1976). This is so because an earlier

no crime of attempted assault under such a statute, the Colorado Supreme Court explained, in *Allen v People,* 175 Colo 113, 116-117; 485 P2d 886 (1971):[9]

> [T]he commission of a criminal attempt under our statutes requires the intent to commit a specific crime. Attempting an assault would require a person to *intend to* "attempt . . . with present ability to commit a violent injury on the person of another." Perhaps philosophers or metaphysicians can intend to attempt to act, but ordinary people intend to act, not to attempt to act.

In reaching a similar result, the California Supreme Court focused on the lack of any explicit direction from the Legislature. *In re James M,* 9 Cal 3d 517, 521; 108 Cal Rptr 89; 510 P2d 33 (1973). While acknowledging that "the abstract concept of an attempted assault is not necessarily a logical absurdity," the court saw in the absence of any express mention of attempted assault[10] "a clear manifestation of legislative intent . . . for an attempt to commit a battery without present ability to go unpunished." *Id.* at 522.[11]

case defined assault "as a wrongful action creating a fear of imminent bodily harm coupled with an apparent present ability to inflict injury." *State v White,* 324 So 2d 630, 631 (Fla, 1976). See also Fla Stat Ann 784.011(1): "An 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."

[9] Quoting Colo Rev Stat 1963, 40-2-33. Colorado now defines assault to require, in most instances, the infliction of physical injury. Colo Rev Stat Ann 18-3-202 *et seq.* However, under the current statute, a person commits second-degree assault where, "[w]ith intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon . . . ." Colo Rev Stat Ann 18-3-203(1)(b).

[10] In California, assault is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal Penal Code 240.

[11] See also *People v Duens,* 64 Cal App 3d 310; 134 Cal Rptr 341 (1976).

On the other hand, courts in some jurisdictions have upheld convictions of attempted assault charges. In *People v O'Connell,* 60 Hun 109, 112-113; 14 NYS 485 (1891), the defendant was charged with "feloniously making an assault with an axe upon [the victim], and striking, beating, cutting and wounding him, and thereby intending to kill him." The New York court affirmed a plea-based conviction of attempted felonious assault over the defendant's argument that such a crime did not exist. The court explained:

> To make the assault itself it was necessary that he should be so near as to be able to strike him, and should attempt to do so. To make an attempt to assault him required no more than that he should arm himself with the axe and endeavor to place himself in the position to use it by executing his intention to kill. There is a clear distinction between these cases. The first would be the crime itself, the other an attempt to commit it, and that would bring the defendant within the range of the indictment, which included all attempts to commit the assault. [*Id.* at 115.]

More recently, the Oregon Supreme Court reached the same result in *State v Harvey Wilson,* 218 Or 575, 578; 346 P2d 115 (1959). There, the defendant, who one day earlier had told his estranged wife that he was giving her just twenty-four hours to live, approached her in a laundry room and said, "This is it." His wife ran from the room and called the police. The defendant, meanwhile, had armed himself with a loaded shotgun and returned to the laundry room, holding the gun in a shooting position. Not finding his wife, he left the building and was immediately apprehended by police.

The court, recognizing Oregon precedent that defined assault as "attempted battery,"[12] was unwilling to find that there could be no crime of attempted assault. Rather, the court explained:

> The mere fact that assault is viewed as preceding a battery should not preclude us from drawing a line on one side of which we require the present ability to inflict corporal injury, denominating this an assault, and on the other side conduct which falls short of a present ability, yet so advanced toward the assault that it is more than mere preparation and which we denominate an attempt. [*Id.* at 588.]

The court affirmed the defendant's conviction for attempted felonious assault of his wife, recognizing that his conduct had advanced beyond the mere preparation stage, but did not constitute a completed felonious assault. It reasoned:

> Our legislature has provided that assault with a dangerous weapon is a crime. ORS 161.090[13] permits the courts of this state to treat conduct which is short of statutory crimes as a crime, and we regard an attempt to commit an assault as within the intendment of this statute. . . . The contrary view is little more than a barren logical construction. The recognition of the crime of attempted assault where assault is viewed as a separate substantive crime rather than as an attempted battery indicates that there is no policy against punishing a person who engages in conduct short

---

[12] Assault is now defined by statute in Oregon, and requires the presence of physical injury. Or Rev Stat 163.160 *et seq.*

[13] Any person who attempts to commit a crime, and in the attempt does any act towards the commission of the crime but fails or is prevented or intercepted in the perpetration thereof, shall be punished upon conviction, when no other provision is made by law for the punishment of such attempt . . . . [218 Or 580.]

of an assault. No different policy considerations are presented merely because we view assault as an uncompleted battery rather than as a distinct crime. [*Id.* at 590.]

The courts in *O'Connell* and *Harvey Wilson, supra,* found that attempted felonious assault was a viable charge even where a completed assault is defined as an attempted battery. In *State v Music,* 40 Wash App 423, 432; 698 P2d 1087 (1985), a Washington court explained that there is no logical barrier to a conviction for attempted assault where the "apprehension-type" assault is recognized: "[S]ince there is no attempt element in the second type of assault, a charge of attempted assault within that definition is not an 'attempt to attempt.' There is no logical conflict in charging one with attempting to put another in apprehension of harm."

B

In the case now before us, our Court of Appeals reasoned that there could be no attempted assault that is not also a completed assault: "The actions that could have formerly constituted an attempted assault are now included within the definition of assault." 193 Mich App 553. We disagree with this analysis as it applies to felonious assault.[14]

[14] One early commentator maintained that conviction for an attempt is appropriate where the charged conduct includes elements of an aggravated assault:

It is academic to call such cases "wrong" because assault is in the nature of an attempt and hence cannot be attempted, particularly when a common sense result is reached. In short, the generalization that there can be no attempt at a crime in the nature of an attempt tells us nothing and tends merely to divert the court's mind from the real issue. [Arnold, *Criminal attempts—The rise and fall of an abstraction,* 40 Yale L J 53, 65 (1930).]

The crime of felonious assault did not exist at common law, but was included in the Penal Code when "the Legislature created a series of more serious or 'aggravated' offenses . . . ." *Joeseype Johnson, supra* at 220-221 (opinion of WILLIAMS, J.).[15] Felonious assault is defined as a simple assault aggravated by the use of a weapon. *Id.* at 222 (opinion of WILLIAMS, J.), 234-235 (opinion of LEVIN, J.). As such, it includes the element of present ability or apparent present ability to commit a battery. See *Sanford, supra* at 474-479; see also CJI2d 17.1.

An attempt consists of: "(1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." 2 LaFave & Scott, Substantive Criminal Law, § 6.2, p 18; see also *People v Adams,* 416 Mich 53, 58, n 5; 330 NW2d 634 (1982). Mere preparation is distinguished from an attempt in that the former consists of making arrangements or taking steps necessary for the commission of a crime, while the attempt itself consists of some direct movement toward commission of the crime that would lead immediately to the completion of the crime. *People v Pippin,* 316 Mich 191, 195; 25 NW2d 164 (1946).

In line with this reasoning, we see no logical impediment to a conviction for attempted felonious assault[16] where the accused intends, while armed with a dangerous weapon, to cause another to

---

[15] Thus, it has been convincingly argued that felonious assault should be considered a separate substantive offense and not merely an "uncommitted battery." *Perkins, supra* at 87.

[16] The case we decide today involves the use of a dangerous weapon. Because it is not necessary to our analysis, we do not decide whether there can be an attempted *simple* assault.

reasonably fear an immediate battery.[17] Moreover, unlike the California court in *In re James M, supra,* we do not discern any intent on the part of our Legislature to preclude a conviction for attempted felonious assault.

Defendant in this case contends that to allow a conviction for attempt to assault would create a new category of crimes consisting of nothing more than breathing or moving (presumably with the requisite criminal intent). Whatever the weight such an argument might carry when considering a charge of attempted simple assault, we find it without merit when a defendant is charged with attempted felonious assault that requires possession of a dangerous weapon.

Relying on *Banks, supra* at 688, defendant also argues that the general attempt statute, which "applies only 'when no express provision is made by law'" for the punishment of such attempt, MCL 750.92; MSA 28.287, should preclude punishment for attempted felonious assault because an attempted battery without a weapon is punishable as an assault, and possession of a weapon without an assault is punishable as unlawful possession of a weapon.[18]

While we agree that there can be no attempted felonious assault in the absence of a dangerous weapon, we do not agree that unlawful possession

---

[17] See *People v LeBlanc, supra* at 348-349 (Riley, J., concurring); see also *State v Music, supra* at 432.

[18] See, e.g., MCL 750.226; MSA 28.423:

> Any person who, with intent to use the same unlawfully against the person of another, goes armed with a pistol or other firearm or dagger, dirk, razor, stiletto, or knife having a blade over 3 inches in length, or any other dangerous or deadly weapon or instrument, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years or by a fine of not more than 2,500 dollars.

of a weapon necessarily encompasses the elements of attempted felonious assault.[19] Nor do we agree that a statutory prohibition against unlawful use of a weapon constitutes an "express provision" for punishment of attempted felonious assault; such reasoning would appear to preclude a conviction under the general attempt statute any time a dangerous weapon is used. Thus, we find that conviction on a charge of attempted felonious assault is not precluded by the language of the general attempt statute.

IV

In this case the trial court found:

> [T]hat the defendant committed an assault and he either did commit that battery upon the officer . . . or did an unlawful act, which caused the officer to reasonably fear or apprehend an immediate battery.
> Second, that the defendant either intended to injure or intended to place the officer in reasonable fear or apprehension [of] receiving an immediate battery.
> Third, that the defendant had the present ability to commit a battery, appeared to have the present ability or thought that he had the present ability to commit a battery.
> And, lastly, that the defendant attempted to commit the assault by use of a pair—a dangerous weapon, that is, a pair of scissors.

These findings indicate that defendant could have been convicted of a completed felonious assault.[20]

---

[19] Conviction of possession of a weapon with unlawful intent requires only that the defendant possess the weapon with the intent to use it illegally against another person.

[20] Defendant argues that the trial court expressly found only a simple assault, a misdemeanor. MCL 750.81; MSA 28.276. We dis-

At common law, a defendant charged with the commission of a crime could not be convicted of an attempt to commit that crime; and some courts have held that where the proofs establish a completed crime, the defendant may not be convicted of only an attempt to commit that crime. LaFave & Scott, *supra,* § 6.3, pp 57-59. The long-established rule in Michigan, however, is that a defendant may be convicted of an attempt even where the evidence shows a completed crime. *People v Bradovich,* 305 Mich 329; 9 NW2d 560 (1943); *People v Genes,* 58 Mich App 108; 227 NW2d 241 (1975).[21] The rationale for this rule was explained in *United States v York,* 578 F2d 1036, 1039 (1978), cert den 439 US 1005 (1978), quoting *United States v Fleming,* 215 A2d 839, 840-841 (DC App, 1966) (citations omitted):

> To compel acquittal of an attempt because the completed offense was proved would result in the "anomalous situation of a defendant going free 'not because he was innocent, but for the very strange reason, that he was too guilty.'" Moreover, requiring the government to prove failure as an element of attempt would lead to the anomalous result that, if there were a reasonable doubt concerning whether or not a crime had been completed, a jury could find the defendant guilty neither of a completed offense nor of an attempt. Therefore, every court, not otherwise bound by statute, that has considered the matter in recent years has refused to require that a defendant be acquitted of an attempt because he was guilty of completing what he had set out to do.

agree. The finding that defendant "attempted" to use a dangerous weapon, although perhaps unartfully stated, clearly elevates this assault to the level of a felonious assault.

[21] A trial court is not required to instruct on attempt in every case, however, because an attempt is not a necessarily included offense of the substantive crime, but is, rather, a cognate offense. *People v Adams,* 416 Mich 53, 56; 330 NW2d 634 (1982).

This rule is reflected in CJI2d 9.1(4), which informs the jury upon instruction by the trial court in a proper case that it "may convict the defendant of attempting to commit [the crime charged] even if the evidence convinces you that the crime was actually completed."

Thus, in this case, defendant was properly convicted of attempted felonious assault even though the evidence shows a completed felonious assault.

V

For the reasons stated, we hold that the crime of attempted felonious assault does exist under Michigan law and that a defendant may be convicted of attempted felonious assault even though the evidence shows a completed felonious assault. Thus, we reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, and MALLETT, JJ., concurred with GRIFFIN, J.