*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARRYL BERNARD ELLISON,

        Defendant-Appellant.

UNPUBLISHED
April 29, 2021

No. 350537
Wayne Circuit Court
LC No. 19-000878-01-FH

Before: LETICA, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Following a trial, a jury convicted defendant of two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1), but acquitted him of two counts of felonious assault, MCL 750.82. The trial court sentenced defendant to concurrent terms of two years' imprisonment. Defendant challenges the sufficiency of the evidence presented during trial. Viewing the evidence in the light most favorable to the prosecution, we affirm.

## I. BACKGROUND

On January 3, 2019, mail carriers Brittany Black and Sara Bell parked their postal truck near defendant's home, stepped out of its sliding door, and immediately heard defendant yelling and swearing at them to move it. Defendant, who was standing in his doorway, appeared angry and hostile, and pointed a rifle at Black and Bell.

Fearing defendant might shoot at them, Black and Bell retreated behind the postal truck and walked away from defendant's home down separate streets. Black called her supervisor and Bell called 911. Bell attempted to continue delivering mail, but she soon stopped because her heart was racing over defendant's actions.

Once the police arrived, Black and Bell described the incident and the gun to them. Defendant also provided statements to the police. His video-recorded and written statements were admitted during trial.

-1-

At trial, defendant also testified in his own defense, stating that he had previously asked the postal workers not to use his yard as a shortcut and had placed signs on his lawn to that effect. Moreover, defendant had been unable to go to a doctor's appointment in mid-December because the postal truck had blocked his driveway. Defendant had called the police on that occasion and the police had spoken to the postal workers. Defendant maintained that his purpose was not to threaten Black and Bell or make them think they were going to be shot. His purpose was to prevent damage to his front lawn. Defendant testified that he picked up the gun in case he had to detain Black and Bell until the police arrived. And defendant denied that he held the gun with both hands as described because of his near complete left-hand immobility due to an earlier stroke.

After deliberating for fifteen minutes, the jury acquitted defendant of felonious assault against Black and Bell, but convicted him of two counts of felony-firearm. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence to support his conviction of two counts of felony-firearm. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo challenges to the sufficiency of evidence. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). To determine whether the prosecution has presented sufficient evidence to sustain a conviction, this Court reviews "the evidence in the light most favorable to the [prosecution] and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (citation and quotation marks omitted). "The standard of review is deferential" and requires the reviewing court "to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

## B. ANALYSIS

Under MCL 750.227b(1), a person commits the crime of felony-firearm if he "carries or has in his . . . possession a firearm when he . . . commits or attempts to commit a felony." MCL 750.227b(1). The prosecutor must prove beyond a reasonable doubt that (1) defendant committed the underlying felony, and (2) that, at the time he committed the crime, he carried or possessed a firearm. *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). A defendant need not be convicted of the underlying felony, but the jury must find that he committed or attempted to commit it. *People v Lewis*, 415 Mich 443, 454-455; 330 NW2d 16 (1982); *People v Powell*, 303 Mich App 271, 273-274; 842 NW2d 538 (2013).

In this case, there was sufficient evidence for the jury to determine that the crime of felony-firearm was proven beyond a reasonable doubt. To establish the first element of felony-firearm, the prosecution was required to prove that defendant committed or attempted to commit felonious assault. Under MCL 750.82, a person is guilty of felonious assault if he "assaults another person with a gun . . . without intending to commit murder or to inflict great bodily harm less than murder." MCL 750.82. In short, the elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *Avant*, 235 Mich App at 505. In other words, felonious assault is a

simple assault that is aggravated by the use of a weapon. *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005).

There was sufficient evidence for a jury to conclude beyond a reasonable doubt that defendant committed the underlying felony of felonious assault. According to Bell and Black, an angry, cursing defendant directed them to move their vehicle while pointing a rifle at them. Although defendant maintains that his intent was to simply deter them from walking on his grass and potentially detain them until the police arrived, defendant's angry demeanor toward Black and Bell suggests otherwise.

Defendant also maintains he did not point the gun at Black and Bell and could not have done so because of his near-complete left-side paralysis. But these factual questions of whether or not defendant held the gun up and pointed it at Black and Bell—as well as the credibility determination about the witnesses' testimony on these questions—are for the jury; our role, as a reviewing court, requires us "to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018), quoting *Nowack*, 462 Mich at 400.

Defendant further contends that he did not intend to put Black and Bell in fear of immediate harm. But "[m]inimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). "Intent is a mental attitude made known by acts." *People v Strong*, 143 Mich App 442, 452; 372 NW2d 335 (1985). Intent may be disclosed by a defendant's "declarations or by his actions . . . ." *Id.* In this case, Black and Bell testified that they were afraid that defendant, who was angrily and profanely demanding that they move their vehicle, was going to shoot them with the rifle he had.

Defendant also contends that Black and Bell's continued delivery of the mail after the incident shows that they were not in reasonable apprehension of an immediate battery. But a victim's subjective fear is not a mandatory element of criminal assault. *People v Davis*, 277 Mich App 676, 684-686; 747 NW2d 555 (2008), vacated in part on another grounds 482 Mich 978 (2008). Instead, an assault is "either an attempt to commit a battery or an unlawful act that causes apprehension of a battery." See *Starks*, 473 Mich at 234. Thus, the prosecution need only present evidence from which the jury could determine beyond a reasonable doubt that the defendant engaged in behavior designed to place the victim in apprehension of an immediate battery. *Davis*, 277 Mich App at 684-686. Again, it is reasonable for a person to fear an immediate battery when a gun is pointed in her direction. See *Avant*, 235 Mich App at 506. Indeed, Black and Bell's testimony reveals that each continued delivering the mail only because she was afraid that defendant was going to shoot her. Both wanted to move away from defendant's house because they felt that it was the safest thing to do, not because they were unaffected by defendant's actions and solely concerned with delivering the mail. In fact, they retreated to side streets in order to call their supervisor and the police. Moreover, although Bell may have attempted to make a few deliveries while on the side street, she soon realized that she could not continue because her heart was racing despite her attempts to remain calm in the face of defendant's actions. Black and Bell's testimony show that they were experiencing exactly what defendant's actions suggest he intended

them to experience: apprehension of harm. Because the jury believed Black and Bell rather than defendant, this Court must make credibility choices in support of the jury's verdict. *Oros*, 502 Mich at 239; *Nowack*, 462 Mich at 400.

Defendant next suggests that the fact that the jury found him not guilty of the felonious assault charges means that they could not be used as underlying felonies to support to his felony-firearm convictions. But in the same factual scenario, our Supreme Court rejected this argument, stating: "The conviction of felony-firearm may be read as an implicit finding that the defendant did commit the [underlying] felony." *Lewis*, 415 Mich at 452. The law permits this result because MCL 750.227b(1) does not require that a defendant be *convicted* of the underlying felony; it only requires that he *commit or attempt to commit* the underlying felony. *Id*. at 454-455. Moreover, the law recognizes that verdicts, like the ones in this case, suggest that the jury either compromised or was lenient; both options are within its province. *Id*. at 450-453.

Defendant further contends that Black and Bell's testimony was inconsistent and that those inconsistencies should be resolved in his favor. Defendant points to the difference in Black and Bell's estimations of their distance from defendant and Bell's testimony about her prior experiences with defendant as evidence of unreliability. Again, whether the prosecution's evidence is consistent and credible was for the jury to decide; as a reviewing court, we are required to make credibility choices in support of the jury's verdict. *Oros*, 502 Mich at 239; *Nowack*, 462 Mich at 400. And "when an appellate court reviews the evidence supporting a conviction, factual conflicts are to be viewed in a light favorable to the prosecution[.]" *Oros*, 502 Mich at 246 (quotation marks and citation omitted). Properly applying the law, we reject defendant's arguments.

In addition to being legally incorrect, defendant's arguments are also factually wrong. The difference in Black and Bell's estimations of distance do not suggest that they were unreliable witnesses, particularly in light of the fact that Bell's estimate was proposed by the prosecutor, not Bell. Likewise, Bell's testimony about prior experiences with defendant does not establish that her testimony is unreliable because the December 2018 instance she referenced was a conversation with a police officer about defendant, not an experience involving defendant directly.

Finally, defendant asserts that Black and Bell's testimony was inconsistent regarding how he held the gun, but he provides no facts or analysis to support his claim. In any event, his argument fails because the law requires us to view the evidence in the light most favorable to the prosecution and to resolve all factual conflicts in support of the jury's verdict. *Id*.; *Nowack*, 462 Mich at 400.

Viewed in the light most favorable to the prosecution, Black and Bell's testimony amply supported defendant's felony-firearm convictions.

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood