*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL WAYNE HUGHES,

        Defendant-Appellant.

UNPUBLISHED
September 21, 2023

No. 361415
Wayne Circuit Court
LC No. 20-001266-01-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL WAYNE HUGHES,

        Defendant-Appellant.

No. 361416
Wayne Circuit Court
LC No. 20-003338-01-FH

---

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

In Docket No. 361415, defendant appeals by right the trial court's judgment of sentence under which defendant was convicted by a jury of aggravated stalking and sentenced as a second-offense habitual offender to 5 to 7-1/2 years' imprisonment. In Docket No. 361416, defendant appeals by right the trial court's judgment of sentence under which defendant was convicted by a jury of assault by strangulation and domestic violence and sentenced to 67 months to 10 years' imprisonment for the assault conviction and 93 days in jail for the domestic violence conviction. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant was convicted of assault by strangulation and domestic violence for an incident involving his former girlfriend in a hotel room on April 21, 2019, in Detroit, Michigan, and of stalking her from March until October 2019. The victim and defendant were intermittently involved in a relationship from 2017 until April 2019. The prosecution presented evidence that while the two were in a hotel room on April 21, 2019, defendant became upset about how the victim was dressed. When the argument escalated, defendant emptied the victim's purse, took her phone, cracked it in half, and threw it. He then threatened to kill the victim as he dragged her by her hair around the room and strangled her until she briefly passed out. A hotel guest who heard someone screaming contacted hotel security. The victim regained consciousness when she heard loud banging on their hotel room door. The police arrested defendant that night but released him soon thereafter. The prosecution presented evidence that defendant engaged in a series of different acts against the victim, both before and after the hotel incident, including throwing a brick at her car, repeated calling and messaging her and her coworkers, and disseminating sexually explicit photographs and videos of her to her family members and coworkers, and posting such material on various social media platforms. The prosecutor also presented evidence of other acts of domestic violence by defendant against the victim, his ex-wife, and another former girlfriend.

At trial, defendant conceded that the prosecution presented sufficient evidence for the jury to find beyond a reasonable doubt that defendant was guilty of aggravated stalking, and acknowledged that there may also be sufficient evidence to prove that defendant committed an act of domestic violence by pulling the victim's hair. Defendant argued, however, that the evidence was insufficient to prove beyond a reasonable doubt that defendant was guilty of assault by strangulation because there was no evidence to corroborate the victim's testimony that defendant strangled her. Defendant emphasized that the evidence presented during trial supported only the stalking charge and that there was very little evidence to support the assault by strangulation charge. Accordingly, defendant asked the jury to acquit him of assault by strangulation. The jury found defendant guilty of aggravated stalking, MCL 750.411i, assault by strangulation, MCL 750.84(1)(b), and domestic violence, MCL 750.81(2), and defendant was sentenced as noted above. This appeal followed.

## II. ADMISSION OF EVIDENCE

Defendant first argues that the trial court abused its discretion when it permitted the prosecutor to introduce evidence of defendant's other acts of domestic violence against the victim, a former girlfriend, and his ex-wife because the evidence was inadmissible under MCL 768.27b(1). We disagree.

### A. STANDARDS OF REVIEW

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 251-252; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes." *Id.* (quotation marks and citation omitted.) "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id.* "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo[.]" *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014).

## B. ANALYSIS

MCL 768.27b provides that "in a criminal action in which the defendant is accused of an offense involving domestic violence . . . evidence of the defendant's commission of other acts of domestic violence . . . is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "A trial court admits relevant evidence to provide the trier of fact with as much useful information as possible." *People v Cameron*, 291 Mich App 599, 612; 806 NW2d 371 (2011). A defendant's propensity to commit a crime makes it more probable that he committed the charged offense. *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012).

Evidence may be excluded under MRE 403, however, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. The rule is not, however, intended to exclude evidence simply because it is "damaging," as any relevant evidence will be harmful to the defendant to some extent. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). Instead, it is "only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded." *Id*. Unfair prejudice exists where there is "a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury" or "it would be inequitable to allow the proponent of the evidence to use it." *Id*. at 75-76. Courts should consider the following factors when deciding whether to exclude other-acts evidence under MRE 403 as being overly prejudicial:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

When weighing the probative value of other-acts evidence, courts should consider the extent to which the other-acts evidence supports the victim's credibility and rebuts any attack on the victim's credibility. *Id*. at 491-492.

### 1. OTHER-ACTS EVIDENCE INVOLVING THE VICTIM'S DOG

Defendant first argues that the trial court abused its discretion by admitting evidence of his treatment of the victim's dog during an act of domestic violence against her because it was unfairly prejudicial. In particular, the victim was allowed to testify that during an argument in 2017, defendant put an extension cord around her dog's throat, held up the dog by the cord, threatened to kill the dog, and threatened her. Defendant's commission of other assaults against the victim, including the frightening and threatening act against her dog in her presence while threatening her, was relevant to show defendant's character or propensity to engage in domestic violence against the victim, as well as to rebut defendant's claims that he did not assault her in the hotel. See

*Watkins*, 491 Mich at 470. The evidence had a direct bearing on whether defendant had the propensity to commit the charged acts.

Defendant contends that admission of the evidence involving his treatment of the victim's dog should have been excluded under MRE 403 because its minimal probative value was outweighed by its prejudicial effect. Defendant argues that the trial court "lumped" all the allegations together and failed to weigh the prejudicial effect of the evidence against its probative value. We disagree. The record discloses that the trial court addressed the admissibility of the other-acts evidence in two different hearings, but defendant cites only the trial court's discussion from the first hearing. In his brief, defendant ignores the court's additional discussion at the second hearing, during which the court examined the allegations regarding the victim's dog in the context of comparing it to other evidence the court did not allow because it was unfairly prejudicial. The court's discussion from both hearings—including that it did not allow all of the proposed other-acts evidence, finding some of the evidence to be unfairly prejudicial—demonstrates that the trial court appropriately engaged in the required analysis.

Defendant also challenges the first factor from *Watkins*—the similarity between the other act and the charged assault—by emphasizing that the other act involved the victim's dog and there was no allegation concerning an animal in this case. Despite defendant's argument, this factor weighs in favor of admissibility. The other act and the current offense involved defendant's acts of domestic violence against the victim. There is no requirement under *Watkins* that defendant use identical means in his commission of violence against the same victim during their dating relationship. Defendant further contends that the victim's testimony in this regard was not corroborated by any evidence of harm to the dog, such as a veterinary bill. However, "[i]t is the province of the jury to determine questions of fact and assess the credibility of witnesses. As the trier of fact, the jury is the final judge of credibility." *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998) (citation and quotation marks omitted). In other words, the jury chose to believe the victim's account of events, absent corroborating evidence, which it was permitted to do.

Defendant also argues that the evidence was unduly prejudicial because it portrayed him as a person who abuses animals, which is "uniquely horrific." Defendant's argument merely demonstrates that the evidence was damaging for the same reasons that it was relevant, which was to show defendant's character or propensity to engage in acts of domestic violence against the victim, which is not a basis for finding that the evidence was *unfairly* prejudicial under MCL 768.27b or MRE 403. Moreover, in its final instructions, the trial court gave a cautionary instruction to the jury, explaining the limited, permissible use of the evidence, thereby minimizing any potential for unfair prejudice. It is well established that jurors are presumed to have followed their instructions. *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Defendant has not presented any basis for overcoming the presumption that the jury followed these instructions and, consequently, the trial court did not abuse its discretion by determining that the probative value of the evidence involving defendant's treatment of the victim's dog was not substantially outweighed by the danger of unfair prejudice.

2. ACTS OF DOMESTIC VIOLENCE AGAINST DEFENDANT'S FORMER GIRLFRIEND

Next, defendant argues that the trial court abused its discretion by admitting evidence that defendant committed acts of assault against a former girlfriend nine years before the incident in

the hotel. At trial, the witness testified that in December 2009, defendant dragged his former girlfriend by her hair, stepped on her face, and strangled her. The evidence that defendant committed acts of domestic violence against a former girlfriend that were similar to his alleged acts against the victim was relevant to show defendant's character or propensity to engage in the same type of domestic violence against the victim, as well as to rebut defendant's claims that he did not assault her in the hotel. Defendant's primary challenge to the admissibility of the evidence is that the evidence should have been excluded under MRE 403 because of the lack of temporal proximity of the other acts to the charged crime.

As defendant acknowledges, however, MCL 768.27b generally precludes "[e]vidence of an act *occurring more than 10 years* before the charged offense . . . ." MCL 768.27b(4) (emphasis added). Further, temporal proximity is but one factor that the court may consider and is not dispositive on its own. Defendant's nearly identical acts occurred less than 10 years before the charged crimes in this case, and defendant has not proffered any persuasive argument to show that the trial court abused its discretion by admitting this evidence.

### 3. DEFENDANT'S CRIMINAL RECORD

We also reject defendant's argument that he is entitled to a new trial because "other-acts evidence" regarding his prior criminal history was improperly introduced at trial. Defendant notes that witnesses were allowed to give "other-acts" testimony that alluded to him having a prior criminal history. Before trial, the court permitted the prosecution to introduce evidence of defendant's prior acts of domestic violence against his ex-wife, but excluded evidence that defendant was convicted of domestic violence involving his ex-wife or that he pleaded no contest to that charge in 2019. In issuing its ruling, however, the trial court twice cautioned defense counsel that such evidence would be permitted if counsel asked opened-ended questions that elicited it. Defendant now cites his ex-wife's testimony on redirect examination that she appeared in court for defendant's sentencing in 2019, after defendant pleaded no contest to domestic violence.

Defendant's argument fails because before the cited testimony on cross-examination, defense counsel asked defendant's ex-wife about defendant pleading no contest in a case involving her. The witness responded that she "thought we weren't supposed to discuss that," and the trial court allowed her response that defendant now cites as reversible error. A defendant cannot claim error on appeal on the basis of an error to which he contributed by plan or negligence. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003), disapproved of on other grounds by 469 Mich 967 (2003). Thus, given that defendant opened the door to the testimony, defendant cannot now claim that admission of the evidence was erroneous.

Defendant also highlights the victim's "other-acts" testimony that defendant was in jail for a period in 2019. Contrary to what defendant asserts, this evidence was not offered as other-acts evidence under MCL 768.27b but was offered to explain why there was a gap in the series of events concerning the victim and to corroborate the victim's testimony regarding the timeline. Thus, the fact that defendant was incarcerated for a period was relevant to the charge of aggravated stalking as it explained the timeline of events. See MRE 401. Further, to alleviate any potential for prejudice, the trial court gave two cautionary instructions to the jury and, on both occasions, defense counsel indicated that he was satisfied with the instructions. Defendant now argues that

the trial court's instructions "would not have been enough to overcome the prejudice," but defendant has not presented any basis, other than speculation, for overcoming the presumption that the jury followed the court's instructions. *Breidenbach*, 489 Mich at 13. In sum, defendant is not entitled to a new trial on the basis of the challenged testimony.

## 4. CONSTITUTIONALITY OF MCL 768.27B

Defendant also contends that the trial court erred by admitting evidence under MCL 768.27b because the statute is unconstitutional.[1] Defendant asserts that the use of propensity evidence is fundamentally unfair and violates his right to due process. We disagree.

MCL 768.27b reflects the Legislature's policy choice to allow juries to consider evidence of other acts for propensity purposes in certain cases. See *Cameron*, 291 Mich App at 609-610. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v Mitchell*, 329 F3d 496, 512 (CA 6, 2003).[2] Furthermore, evidence offered under MCL 768.27b is subject to the requirement that the evidence be relevant and the requirement that its probative value not be substantially outweighed by the danger of unfair prejudice. These procedural safeguards are considered sufficient to protect a defendant's right to due process and a fair trial. See *United States v LeMay*, 260 F3d 1018, 1026 (CA 9, 2001) (concluding there was "nothing fundamentally unfair about the allowance of propensity evidence . . . [a]s long as the protections of Rule 403 remain in place . . . ."). Accordingly, we reject defendant's argument that MCL 768.27b is unconstitutional.

## III. JOINDER OF OFFENSES

Next, defendant argues that the trial court abused its discretion by granting the prosecutor's motion to consolidate the two cases for trial. We disagree.

## A. STANDARDS OF REVIEW

Whether joinder is appropriate is a mixed question of fact and law. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009). "To determine whether joinder is permissible, a trial court must first find the relevant facts and then must decide whether those facts constitute 'related' offenses for which joinder is appropriate." *Id*. This Court reviews the trial court's factual findings for clear error, but reviews its interpretation of MCR 6.120(B), which is a question of law, de novo. *Id*. The ultimate decision on permissive joinder of related charges lies "firmly within the discretion of trial courts." *Breidenbach*, 489 Mich at 14.

---

[1] Because defendant did not challenge the constitutionality of MCL 768.27b in the trial court, we review this unpreserved constitutional issue for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 762-763; 597 NW2d 130 (1999).

[2] Caselaw from lower federal courts is not binding on this Court but may be considered as persuasive authority. *Johnson v Vanderkooi*, 502 Mich 751, 764 n 6; 918 NW2d 785 (2018).

## B. ANALYSIS

MCR 6.120(B) states, in pertinent part:

(B) *Postcharging Permissive Joinder or Severance.* On its own initiative, the motion of a party, or the stipulation of all parties . . . the court may join offenses charged in two or more informations or indictments against a single defendant . . . when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.

(1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on

(a) the same conduct or transaction, or

(b) a series of connected acts, or

(c) a series of acts constituting parts of a single scheme or plan.

(2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

Joinder of the offenses was appropriate under MCR 6.120(B)(1)(c). Offenses are "related" for purposes of MCR 6.120(B)(1)(c) when the evidence indicates that the "defendant engaged in ongoing acts constituting parts of his overall scheme or plan." *Williams*, 483 Mich at 235. Defendant does not dispute that the two cases are related. Indeed, the evidence indicated ongoing acts related to an overall plan of engaging in acts of violence against a domestic partner. All of the charged offenses involved the same victim, and all of the acts arose from the same domestic relationship and involved acts of domestic violence, and the timeframe for the series of different acts of stalking against the victim overlapped with the date of the charged acts of assault by strangulation and domestic violence in the hotel room. There was little potential for confusion because the two cases were presented distinctively, and the facts were not complex.

Moreover, defendant has not established prejudice. As the trial court found, if each case was tried separately, the evidence supporting each charge would have been admissible in each trial. "The admissibility of evidence in other trials is an important consideration because '[j]oinder of . . . other crimes cannot prejudice the defendant more than he would have been by the admissibility of the other evidence in a separate trial.'" *Williams*, 483 Mich at 237 (citation omitted). Defendant contends that he was prejudiced because the evidence supporting the stronger stalking case was predominate, cumulative, and impeded the jury's ability to separate the assault by strangulation offense from the stalking offense. Defendant speculates that the jury had the impression that if he stalked the victim then he must have been guilty of assault by strangulation. Contrary to defendant's arguments, however, the court separately instructed the jury on each offense and instructed that the prosecutor must meet the standard of proof beyond a reasonable doubt for each element. As stated previously, juries are presumed to follow their instructions. *Breidenbach*, 489 Mich at 13. Other than mere speculation, which is inadequate, defendant has

not presented any basis for overcoming the presumption that the jury followed these instructions. In sum, joinder of the offenses was appropriate, and the trial court did not abuse its discretion by granting the prosecution's motion for consolidation.

## IV. SENTENCING

Next, defendant argues that the trial court erred when it assigned 25 points to the scoring of prior record variable ("PRV") 1 (prior high-severity felony convictions) on the basis of defendant's out-of-state conviction of aggravated battery. We disagree.

## A. STANDARDS OF REVIEW

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

## B. ANALYSIS

PRV 1 is scored for "prior high severity felony convictions," MCL 777.51(1), and PRV 2 is scored for "prior low severity felony convictions." MCL 777.52(1). For purposes of PRV 1, a prior high severity felony conviction includes a "felony under a law of . . . another state corresponding to a crime listed in offense class M2, A, B, C, or D" or a "felony under a law of . . . another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more." MCL 777.51(2)(b) and (d). Consistent with MCL 777.51(1)(c), defendant was assessed 25 points for PRV 1 for having one prior high-severity felony conviction, which was for his plea-based conviction of aggravated battery in Florida, in violation of Fla Stat 784.045:

> A person commits aggravated battery who, *in committing battery*:
>
> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
>
> 2. Uses a deadly weapon.

Aggravated battery under Fla Stat 784.045 is a second-degree felony, punishable by a maximum term of 15 years' imprisonment. See Fla Stat 775.082(3)(d).

Defendant argues that the Florida offense does not qualify as a high-severity felony under MCL 777.51(2) because it is equivalent to Michigan's offense of felonious assault, MCL 750.82, which is a low-severity felony. MCL 750.82(1) provides:

> Except as provided in subsection (2), a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less

than murder is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

The trial court correctly rejected defendant's argument that the Florida offense of aggravated battery corresponds to felonious assault in Michigan. The Florida aggravated-battery statute plainly requires the commission of an actual battery, which requires that the defendant either "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement" or "[u]ses a deadly weapon." Fla Stat 784.045(1)(a). In Michigan, felonious assault is a simple assault that is aggravated by the use of a weapon and does not require the commission of an actual battery. See *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Thus, Florida's aggravated-battery statute does not correspond to Michigan's felonious-assault offense. Because defendant's Florida conviction does not correspond with an applicable crime in Michigan, the trial court properly considered whether the conviction was "punishable by a maximum term of imprisonment of *10 years or more*." MCL 777.51(2)(d)(emphasis added). Defendant does not dispute that the crime of aggravated battery in Florida is punishable by a maximum term of imprisonment of 15 years. Consequently, the trial court did not err by finding that defendant's Florida conviction qualifies as a high-severity felony and assessing 25 points to PRV 1.

## V. CONSTITUTIONALITY OF MCL 769.1K(1)(B)(*iii*)

In his last argument on appeal, defendant asserts that MCL 769.1k(1)(b)(*iii*) is unconstitutional because it (1) infringes on his due-process right to appear before an impartial judge because trial court judges are incentivized to convict defendants in order to impose costs to raise money to fund the courts, and (2) violates the separation of powers because the funding arrangement created by the statute prevents the judicial branch from accomplishing its constitutionally assigned functions of maintaining impartiality in criminal proceedings. As defendant recognizes, however, this Court considered and rejected these same constitutional arguments in *People v Johnson*, 336 Mich App 688, 692-705; 971 NW2d 692 (2021). Defendant has failed to present any basis for distinguishing *Johnson*, which this Court is bound to follow under MCR 7.215(J)(1). Consequently, defendant is not entitled to appellate relief with respect to this issue.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly